UNITED STATES of America,
Plaintiff—Appellee,

v.

Laura Ann SCHAEFFER, Defendant—
Appellant.

No. 01–50319.

D.C. No. CR–00–3651–EJG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Aug. 14, 2002.

Before T.G. NELSON, Senior Circuit Judge and PAEZ and TALLMAN, Circuit Judges.

## MEMORANDUM *

Laura Schaeffer appeals her eighteen-month sentence following her guilty plea to one count of bringing in aliens without presentation, in violation of 8 U.S.C. § 1324 (1999).

### 1. Minor or Minimal Role

At sentencing, Schaeffer argued for a downward adjustment for her minor or minimal role under United States Sentencing Guideline ("U.S.S.G.") § 3B1.2. The district court denied Schaeffer's request for a downward adjustment, finding "[t]hat some other person hired her to do the crime, or even as she said in one place, that she did it as a favor for a friend, actually is irrelevant." In addition to making this factual determination, it also considered the undisputed factual representations contained in the Pre–Sentence Report—that Schaeffer knew that there was an alien concealed in the rear tire compartment of the Honda CRX she was driving; that she was paid $400 to smuggle the illegal alien across the border; and that she was to leave the car at a fast food restaurant without releasing the passenger. Based upon these facts, the district court concluded that Schaeffer "was the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

main player in the crime of conviction . . . ."

Pursuant to our holding in *United States v. Rojas–Millan*, 234 F.3d 464, 473–74 (9th Cir.2000), the district court is required to consider the relevant conduct of other participants in the crime scheme by looking at conduct beyond the defendant's charged offense. The district court's statement viewed on this record indicates to us that after considering the conduct of the other participants, it still found Schaeffer to be the "main player." This factual finding was not clearly erroneous. We therefore affirm the district court's denial of Schaeffer's request for a downward adjustment pursuant to U.S.S.G. § 3B1.2.

## 2. Reckless Endangerment

Schaeffer asserts that due process demands that the government prove by clear and convincing evidence the applicability of a six-level upward adjustment for reckless endangerment under U.S.S.G. § 2L1.1(b)(5). We need not decide whether the clear and convincing evidence standard was applicable in this case as the district court considered the enhancement under this heightened evidentiary standard. Thus, no due process violation occurred.

In applying the six-level upward adjustment for reckless endangerment, Schaeffer also contends that the district court erred when it found that Schaeffer's conduct created a substantial risk of harm, that she acted recklessly, and that she knew of the risk of harm involved. There is ample evidence in the record from which the district court could so conclude. Accordingly, there was no error.

**AFFIRMED.**